UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEANNE M THOMAS-JOSEPH,

     Plaintiff,

v.                            Case No.:  2:19-cv-681-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____/

## OPINION AND ORDER

Plaintiff Joeanne M. Thomas-Joseph, proceeding *pro se*, filed a Complaint on September 17, 2019.  (Doc. 1).  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits ("DIB").  The Commissioner filed the transcript of the administrative proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed separate memoranda detailing their respective positions.  (Docs. 17; 18; 19).[1]  The parties consented to proceed before a United States Magistrate Judge for all purposes.  (Docs. 20, 22).

---

[1]  Plaintiff initially filed an unsigned memorandum on April 30, 2020.  (Doc. 17). On May 26, 2020, Plaintiff submitted a signed memorandum.  (Doc. 19).  The Court considers the May 26, 2020 memorandum the operative document.

Based on the parties' memoranda, the Court ordered supplemental briefing on whether Plaintiff has administratively exhausted her remedies regarding her non-medical supplemental security income ("SSI") eligibility and whether substantial evidence supports the SSA's decision to provide Plaintiff a monthly SSI award of $0.00. (Doc. 23). In response to the Court's Order, Defendant filed Defendant's Response to this Court's Order and Motion to Dismiss Allegations in Plaintiff's Complaint, arguing that this Court does not have subject matter jurisdiction over the issue of Plaintiff's non-medical SSI eligibility. (Doc. 24). Plaintiff filed two responses in opposition. (Docs. 26, 27).

The Court will consider Defendant's motion and Plaintiff's appeal in turn below, beginning by summarizing the pertinent background relating to both issues. The Court considers Defendant's motion to dismiss first because it relates to the Court's jurisdiction over allegations in Plaintiff's Complaint and memorandum. For the reasons set forth herein, Defendant's Response to this Court's Order and Motion to Dismiss Allegations in Plaintiff's Complaint (Doc. 24) is **GRANTED** and the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.    Background

### A.    Social Security Act Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be

expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do her previous work or any other substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B.    Procedural History

Plaintiff filed an application for DIB and SSI on March 12, 2018, alleging a disability onset date of September 25, 2008.  (Tr. at 107).  That claim was denied initially on September 25, 2018, and upon reconsideration on July 2, 2018.  (*Id.* at 208; 218).  Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and ALJ Eric Anschuetz held that hearing on April 18, 2019.  (*Id.* at 123-71).  ALJ Anschuetz issued a partially favorable decision on May 21, 2019.  (*Id.* at 104).  The Appeals Council denied Plaintiff's request for review on August 22, 2019.  (*Id.* at 1-5).  Plaintiff then filed her Complaint with this Court on September 17, 2019.  (Doc. 1).

### C.    Summary of the Administrative Law Judge's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x

890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).

An ALJ must determine whether the claimant:  (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004).  The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five.  *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2009.  (Tr. at 109).  At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 25, 2008, the alleged onset date.  (*Id.*).  At step two, the ALJ determined that "[p]rior to March 12, 2018, the date the claimant became disabled, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 [C.F.R. §§] 404.1520(c) and 416.920(c))."  (*Id.*).  Nevertheless, beginning March 12, 2018, the ALJ found that Plaintiff had the following severe impairments:  "uncontrolled type 2 diabetes mellitus; schizophrenia, paranoid type and posttraumatic stress disorder (PTSD) (20 [C.F.R. §§] 404.1520(c) and 416.920(c))."  (*Id.* at 110).

At step three, the ALJ determined that since March 12, 2018, Plaintiff did not have "an impairment or combination of impairments that meet or medically equal

4

the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P,

Appendix 1 (20 [C.F.R. §§] 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925

and 416.926)."  (*Id.*).

At step four, the ALJ found that since March 12, 2018, Plaintiff has the

residual functional capacity ("RFC"):

> [T]o perform light work as defined in 20 [C.F.R. §§]
> 404.1567(b) and 416.967(b) except she can lift and carry 20
> pounds occasionally and 10 pounds frequently; stand
> and/or walk for 6 hours out of an 8 hour workday; sit for 6
> hours out of an 8 hour workday; never climb ladders, ropes
> or scaffolding; frequently climb ramps and stairs; frequently
> balance, stoop, kneel, crouch and crawl; must avoid work
> place hazards, such as unprotected heights and unshielded
> rotating machinery; limited to simple, routine, repetitive
> tasks; and have occasionally [sic] interaction with
> supervisors coworkers and the public.

(*Id.* at 111).  The ALJ also determined that since March 12, 2018, Plaintiff "has been

unable to perform any past relevant work (20 [C.F.R. §§] 404.1565 and 416.965)."

(*Id.* at 113).  At step five, the ALJ found that "[s]ince March 12, 2018, considering

[Plaintiff's] age, education, work experience, and [RFC], there are no jobs that exist

in significant numbers in the national economy that the claimant can perform (20

[C.F.R. §§] 404.1560(c), 404.1566, 416.960(c), and 416.966)."  (*Id.*).

For these reasons, the ALJ ultimately determined that Plaintiff "was not

disabled prior to March 12, 2018, (20 [C.F.R. §§] 404.1520(c) and 416.920(c)) but

became disabled on that date and has continued to be disabled through the date of

this decision (20 [C.F.R. §§] 404.1520(g) and 416.920(g))" and that she was,

therefore, "not under a disability within the meaning of the Social Security Act at

any time through December 31, 2009, the date last insured (20 [C.F.R. §§] 404.315(a) and 404.3 20(b))." (*Id.* at 114). Accordingly, for the purposes of DIB, the ALJ found that Plaintiff was not disabled, but for the purposes of SSI, the ALJ found she was disabled beginning March 12, 2018. (*Id.*).

### D.   Plaintiff's SSI Award

Following the determination that Plaintiff was medically eligible for SSI, the SSA sent a Notice of Award letter dated June 7, 2019. (Doc. 24-2). Specifically, the Notice of Award letter states that on May 16, 2019, the SSA found that Plaintiff met the medical requirements to receive SSI and that it now finds Plaintiff meets the non-medical requirements. (*Id.* at 1). The letter notes that Plaintiff is, therefore, entitled to SSI. (*Id.*). The letter notes, however, that Plaintiff will receive $0.00 until "there is a change in the information [the SSA use[s] to determine [Plaintiff's] SSI eligibility and payment amount." (*Id.*).

## II.   Defendant's Response to this Court's Order and Motion to Dismiss Allegations in Plaintiff's Complaint

### A.   The Parties' Arguments

In her Complaint and memoranda on appeal, Plaintiff challenges the amount of her monthly SSI award. Specifically, Plaintiff appears to argue that in determining her award, the SSA relied on her ex-husband's income but due to their divorce, his income should not impact Plaintiff's non-medical eligibility. (*See* Doc. 19 at 3).

In the motion to dismiss, Defendant begins by summarizing the pertinent procedural history.  (Doc. 24 at 2-3).  Defendant notes that the ALJ's decision explicitly stated that "[a]nother office will process [his] decision and decide if [Plaintiff] meet[s] the non-disability requirements for [SSI] payments" (*Id.* (final alteration in original) (quoting Tr. at 104)).  Defendant notes that the ALJ reiterated this sentiment at the end of his decision by stating:  "The component of the [agency] responsible for authorizing [SSI] will advise [Plaintiff] regarding the nondisability [sic] requirements for these payments, and if eligible, the amount and the months for which payment will be made." (*Id.* at 3 (alterations in original) (quoting Tr. at 114)).  Defendant continues that Plaintiff completed a "Preeffecuation [sic]" and was found to be eligible for one month of SSI but, due to her spouse's income, she was not eligible for any additional payments.  (*Id.* (citing Doc. 24-1 at 2; Doc. 24-2 at 2)).  Defendant also maintains that Plaintiff's June 7, 2019 Notice of Award letter, as described above, "advised Plaintiff that if she disagreed with the determination, she could file a request for reconsideration." (*Id.* (citing Doc. 24-1 at 2; Doc. 24-2 at 2)).  Defendant notes that Plaintiff filed her Request for Reconsideration on June 14, 2019, but that the request remains pending before the SSA.  (*Id.* (citing Doc. 24-1 at 1)).

Defendant asserts that Plaintiff failed to show that the Court has subject matter jurisdiction over the allegations relating to her non-medical SSI eligibility because she has not exhausted her administrative remedies.  (*Id.*).  In support, Defendant essentially contends that the exclusive jurisdictional basis for judicial

review of cases arising under the Social Security act is 42 U.S.C. § 405(g), which grants the Court jurisdiction over "final decision[s] of the Commissioner of Social Security made after a hearing." (*See id.* at 5-6 (citations omitted)).  Moreover, Defendant maintains that to constitute a final order, a claimant usually must have received "an initial determination, a reconsideration determination, a hearing decision by an ALJ, and discretionary review by the Appeals Council." (*Id.* at 7 (citing 20 C.F.R. § 416.1400(a)(1)-(5))).  Given these regulations, Defendant argues that Plaintiff cannot establish subject matter jurisdiction because her request for reconsideration is still pending. (*Id.* at 8).  Defendant clarifies that "[a]lthough Plaintiff exhausted her administrative remedies with regard to her disability status (the ALJ found that Plaintiff was disabled for purposes of SSI, but not for purposes of DIB), the regulations require her to follow the administrative appeals process with regard to the June 7, 2019 initial determination on SSI income issues." (*Id.* (citing 20 C.F.R. § 416.1402(a), (i))).

Moreover, Defendant maintains that the judicial review of an agency action involving an individual's eligibility for SSI is not permitted "absent administrative exhaustion, even if the individual challenges the agency's denial on 'evidentiary, rule related, statutory, constitutional, or other legal grounds.'" (*Id.* at 9 (quoting *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000); citing 42 U.S.C. § 405(g), (h); *Weinberger v. Salfi*, 422 U.S. 749, 762 (1975); *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 779-80 (11th Cir. 2002))).  Nevertheless, Defendant concedes that "Courts may excuse exhaustion of administrative remedies if a

plaintiff raises a colorable constitutional claim" or in other special cases, "such as where the claimant raises a challenge wholly collateral to h[er] claim for benefits and makes a colorable showing that her injury could not be remedied by the retroactive payment of benefits after exhaustion." (*Id.* at 9-10 (citing *Heckler v. Ringer*, 466 U.S. 602, 618 (1984); *Califano v. Sanders*, 430 U.S. 99, 109 (1977))). Defendant maintains, however, that Plaintiff did not raise a colorable constitutional claim or otherwise allege a basis for this Court to excuse her failure to exhaust her administrative remedies. (*Id.* at 10). Thus, Defendant argues that the Court should dismiss the allegations in Plaintiff's Complaint relating to her non-medical SSI eligibility. (*Id.*).

In response, Plaintiff requests that the Court make a "compassionate allowance due to the escalation of needing medical, personal, psychological services and resources to make the necessary lifestyle changes to reduce and maintain a controllable level of care." (Doc. 27 at 1 (emphasis omitted)). Plaintiff appears to argue that she raised a colorable constitutional claim because of the injuries she endured and sustained. (*See id.*). Additionally, Plaintiff argues that had Defendant applied due process, she would not be totally and permanently disabled. (*Id.* at 2-3). As a result, Plaintiff requests that the Court order retroactive compensation and other damages. (*Id.* at 2).[2]

---

[2] Plaintiff also requests "$9,999,999.99 or an amount the [C]ourt deem fair and just in damages." (Doc. 27 at 2). Because this relief is inappropriate in an action seeking judicial review of a Social Security determination, the Court declines to address or to grant this request.

Further, Plaintiff appears to argue that she has provided exhibits that show the Court has subject matter jurisdiction over the issue.  (*See id.* at 2-4 (citing Docs. 27-1 through 27-50)).  Additionally, Plaintiff essentially concedes that the request for reconsideration is still pending but takes issue with the fact that it has been pending since June 2019.  (*See id.* at 2-3).

Ultimately, Plaintiff objects to the various arguments Defendant made in the motion to dismiss and provides supplemental materials in an attempt to show that the Court has jurisdiction over the SSI issue.  (*See id.* at 3-8).  As far as the Court can decipher, Plaintiff concedes the Request for Reconsideration is pending, but argues that due process has not been followed because she has attempted but been unable to update her filings and her case review has not occurred.  (*See id.* at 6-7).  Additionally, Plaintiff maintains that she complied with any protocols necessary to give the Court subject matter jurisdiction over the SSI issue.  (*Id.* at 6-8).  Finally, in a supplemental filing – filed without leave of the Court – Plaintiff argues that the Court should find in Plaintiff's favor because Defendant put the wrong case number on his Motion. (Doc. 28 at 1).

### B.    Applicable Legal Standards

Federal courts are courts of limited jurisdiction.  "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

The burden of establishing the existence of federal subject matter jurisdiction lies with the party that brings the claim. *Sweet Pea Marine, Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) can be based upon either a facial or factual challenge to the complaint. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). A facial attack on a complaint "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *McElmurray*, 501 F.3d at 1251 (alterations in original) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In that situation, "the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised," and the Court must consider the allegations in the plaintiff's complaint as true. *Id.* (citing *Williamson*, 645 F.2d at 412).

If Defendant's attack on a complaint challenges subject matter jurisdiction in fact, the Court may consider facts outside the pleadings and is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence*, 919 F.2d at 1529 (quoting *Williamson*, 645 F.2d at 412). Here, Defendant appears to challenge the subject matter jurisdiction in fact, and the Court, therefore, weighs the evidence to determine whether it has power to hear the allegations relating to Plaintiff's non-medical SSI eligibility. *See id.*

## C.    Analysis

The United States "'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." *Jackson v. Astrue*, 506 F.3d 1349, 1352-53 (11th Cir. 2007) (quoting *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). Pursuant to 42 U.S.C. § 405(g), Congress waived sovereign immunity and gave courts the authority to review, modify, or reverse the Commissioner's decisions. *Id.* at 1353.  The remedies enumerated in the statute are the sole source of federal jurisdiction in social security disability cases. *Id.* (citing 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.")).

Section 405(g) provides in pertinent part as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).  Thus, judicial review is limited to review of a *final* decision made by the Commissioner after a *hearing*.  *See Bello v. Comm'r of Soc. Sec.*, 460 F. App'x 837, 839 (11th Cir. 2012) (citing 42 U.S. C. § 405(g)).  "On its face [§] 405(g) thus bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'" *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976).  Implicit in this requirement is:

> the principle that this condition consists of two elements, only one of which is purely "jurisdictional" in the sense that it cannot be "waived" by the Secretary in a particular case. The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no "decision" of any type. And some decision by the Secretary is clearly required by the statute.

*Id.* If the non-waivable element is satisfied, then the Court must consider whether a claimant received a "sufficiently" "final" decision with respect to her "constitutional claim to satisfy the statutory exhaustion." *Id.* at 330. Thus, the Commissioner may waive the exhaustion requirements "if he satisfies himself, at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief that is sought is beyond his power to confer." *Id.*; *see also Counts v. Comm'r of Soc. Sec.*, No. 6:09-CV-2157-ORL, 2010 WL 5174498, at *5 (M.D. Fla. Dec. 15, 2010).

The Social Security Act does not define "final decision," "instead leaving it to the Commissioner to give meaning to that term through regulations." *Bello*, 460 F. App'x at 839 (citing *Sims v. Apfel*, 530 U.S. 103, 106 (2000)). Under the Commissioner's regulations, to satisfy the requirements of finality of an SSI claim, a claimant must pursue all of the four-step administrative review processing including: (1) an initial determination; (2) a reconsideration determination; (3) a hearing decision by an ALJ; and (4) a discretionary review by the Appeals Council. *Morrison v. Astrue*, No. 8:11-CV-1147-T-17TBM, 2012 WL 3668070, at *3 (M.D. Fla. June 9,

2012), *report and recommendation adopted*, No. 8:11-CV-1147-T-TBM, 2012 WL 3655346 (M.D. Fla. Aug. 24, 2012) (citing 20 C.F.R. § 416.400).  Nevertheless, a court may still have jurisdiction over a decision without a final decision after a hearing if Plaintiff raises a colorable constitutional claim; and the decision is reconsidered to any extent at an administrative level.  *Loudermilk v. Barnhart*, 290 F.3d 1265, 1268 (11th Cir. 2002); *Califano v. Sanders*, 430 U.S. 99, 109 (1977); *Sherrod v. Chater*, 74 F.3d 243, 245 (11th Cir. 1996).

It is clear to the Court that the SSA has not made a final determination on Plaintiff's non-medical SSI eligibility.  Plaintiff received her Notice of Award letter on June 7, 2019.  (Doc. 24-2 at 1).  Plaintiff filed a Request for Reconsideration of the issue on June 14, 2019.  (Doc. 27-46 at 1).  Plaintiff has provided no documentation that the SSA has made a decision at the reconsideration level.  (*See* Doc. 27).  In contrast, Defendant provided a signed declaration from Shaun Bass, Policy Analyst Specialist on the SSI Program Team in the SSA's Center for Disability and Programs Support for the Atlanta Region, in which he states that he has become familiar with Plaintiff's case.  (Doc. 24-1).  Mr. Bass avers that Plaintiff's non-medical SSI eligibility is still pending at the reconsideration level.  (*Id.* at 3).

Furthermore, Plaintiff filed her request for the Appeals Council review the ALJ's decision on or around June 18, 2019.  (Tr. at 292).[3]  Considering Plaintiff's

---

[3]  Although the Court cannot decipher the date Plaintiff signed the Request for Review of Hearing Decision/Order, the document indicates that it was received on June 18, 2019.  (Tr. at 292).

14

initial determination of her non-medical SSI eligibility was not made until June 7, 2019, it could not practicably have been ripe for the Appeals Council's discretionary review fewer than eleven days later.  (*Compare* Doc. 24-2 *with* Tr. at 292).[4]

Because Plaintiff has otherwise provided no documentation that a final decision has been made on her non-medical SSI eligibility, the Court finds that Plaintiff has not met her burden to prove that she has exhausted her administrative remedies such that the Court has subject matter jurisdiction under 42 U.S.C. § 405(g).  *See Sweet Pea Marine, Ltd.*, 411 F.3d at 1248 n.2.

Plaintiff also argues, however, that she has raised a colorable constitutional claim based on the alleged due process violations.  (*See* Doc. 27 at 1, 7).  It appears that Plaintiff contends that her due process rights were violated because there has been a substantial passage of time since she filed her Request for Reconsideration or because the SSA has otherwise failed to follow their own rules and regulations.  (*See id.*).  Notably, Plaintiff cites no case law in support of her position, (*see id.* at 1-10), and the Court otherwise finds her argument lacks merit.  Although the Court notes that it seems that the SSA has taken an unusually long time to render a determination on the reconsideration level, this does not amount to a violation of Plaintiff's due process rights.  If and when Plaintiff's monthly SSI award is found to

---

[4]  Plaintiff notes she originally faxed the request on June 3, 2019, which was *before* she had received the June 7, 2019 Notice of Award Letter.  (Doc. 27-41 at 1).  She asserts that she also requested a "Case Review," which the Court understands to be the Case Review of the non-medical SSI eligibility.  Any such request, however, was premature as she had not yet received the Notice of Award letter.

be $0.00 at the reconsideration level, Plaintiff can seek a hearing before an ALJ; if the ALJ again determines that Plaintiff's monthly allowance is $0.00, Plaintiff will be able to request the that Appeals Council review the determination. *See* 20 C.F.R. § 416.1400 (a)(1)-(5). Thus, although Plaintiff seems to question the time frame of the determination, the Court cannot conclude that the SSA following their own statutory procedure violates Plaintiff's due process rights. Accordingly, Plaintiff has not shown that she has a colorable constitutional claim such that the Court can find that it has subject matter jurisdiction despite Plaintiff's failure to exhaust her administrative remedies.

In sum, the Court finds that Plaintiff has not met her burden to prove that the Court has subject matter jurisdiction over the allegations in her Complaint related to her non-medical SSI eligibility. Accordingly, the Court finds that Defendant's Response to this Court's Order and Motion to Dismiss Allegations in Plaintiff's Complaint (Doc. 24) is due to be granted.

## III.   Plaintiff's Appeal of the Commissioner's Decision

In light of the foregoing, the only issue properly before this Court is whether substantial evidence supports the ALJ's determination that Plaintiff was not under a disability before the date last insured, and the Court, therefore, considers only Plaintiff's appeal of that issue.

### A.   Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir.

1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

B.   **Analysis**

Having already determined that Plaintiff's non-medical SSI eligibility is not properly before this Court, there is only one issue on appeal: whether "substantial evidence supports the ALJ's decision that Plaintiff was not disabled prior to

December 31, 2009." (*See* Doc. at 18 at 4). The Court addresses the issue below by first summarizing the parties' arguments, then reciting the applicable legal standards, before addressing the ALJ's opinion.

Plaintiff appears to argue that the ALJ issued a fully favorable decision at the hearing, but that the letter detailing the decision was not fully favorable. (*See* Doc. 19 at 2). Plaintiff contends that she questioned the discrepancy and was told the ALJ was mistaken. (*Id.*).

In response, Defendant argues that although "Plaintiff allege[s] that she could not perform any substantial gainful activity beginning on September 25, 2008," she has not met her burden of proof. (Doc. 18 at 4). In support, Defendant maintains that there is only one medical examination from the time between September 25, 2008 – the alleged onset date – and December 31, 2009 – the date last insured. (*Id.* at 5). Specifically, Defendant notes that on July 21, 2009, Dr. Sherif Hassan examined Plaintiff and diagnosed her with obesity, hyperlipidemia, possible irritable bowel syndrome, and vaginosis but that the record shows that Plaintiff had not sought treatment for these conditions for the years preceding and following the July 2009 examination. (*Id.* at 5, 6 (citing Tr. at 513-14)). Additionally, Defendant notes that three separate individuals – a non-medical source, a State agency psychologist, and a State agency physician – determined that there was insufficient evidence to support a claim of disability prior to the date last insured. (*Id.* at 5 (citing Tr. at 173-76, 186-94)). Finally, Defendant argues that the medical evidence dated several years after December 31, 2009, is not relevant to her DIB application. (*Id.* at 6). Thus,

Defendant maintains that the ALJ's decision is supported by substantial evidence and should be affirmed.  (*Id.* at 7).

"For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she [was] insured."  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing 42 U.S.C. § 423(a)(1)(A)).  Thus, "[a] claimant that becomes disabled after he loses insured status must be denied [DIB] despite his disability."  *Douglas v. Comm'r of Soc. Sec.*, 486 F. App'x 72, 75 (11th Cir. 2012) (citing *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)).  Nevertheless, an ALJ may consider evidence before and after the relevant time period to the extent the evidence has a bearing on the claimant's disability during the relevant time.  *Id.*

As to the relevant time period, the ALJ found that "[t]he record contains limited medical evidence relative to the claimant's alleged onset date of disability."  (Tr. at 110).  In support, the ALJ summarized the records according to their time period:

> Exhibit 1F [Tr. at 470-97] contains outpatient records covering the period March 2000 through September 2002, which is irrelevant to the period at issue.  On July 21, 2009, the claimant was evaluated at Maryland Urgent Care, for a full physical.  Records reflect a BMI of 33.48.  Sherif Hassan, M.D., examined the claimant and found hyperlipidemia; abdominal pain probably due to irritable bowel syndrome and bacterial vaginosis ([Tr. at 513]).  There is no additional evidence in the record dated prior to May 10, 2018.

(*Id.*).  Thus, the ALJ concluded that "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment prior to the established onset date of disability," that is March 12, 2018.  (*Id.*).

The ALJ also addressed the insufficiency of the record during the relevant time period at the hearing.  Specifically, Plaintiff clarified that the ALJ was "going to award [disability] based on when [she] applied." (*Id.* at 168).  The ALJ confirmed Plaintiff's understanding, stating that she would be found disabled beginning March 12, 2018, because the ALJ did not "have medical documentation of [a disability] before 2009." (*Id.*).

The Court finds that substantial evidence supports the ALJ's determination. Specifically, the record is insufficient to find Plaintiff under a disability before December 31, 2009.  The record contains Dr. Hassan's notation that he performed a full physical and determined that Plaintiff suffered from obesity, hyperlipidemia, abdominal pain – likely due to irritable bowel syndrome – and bacterial vaginosis. (*Id.* at 513).  Additionally, it appears that Plaintiff visited the emergency room on February 19, 2009, and saw Dr. Jeffrey G. Laoang.  (*See*, *e.g.*, *id.* at 557).  The hospital notes indicate that on February 19, 2009, Plaintiff was diagnosed with or treated for a migraine, a headache, sinusitis, "other diseases of nasal cavity and sinuses," tubal ligation status, allergies, and symptoms from long-term use of medication.  (*Id.* at 596).  Finally, the medical records suggest that Plaintiff had a bilateral breast sonogram on February 13, 2009, which was compared against her ultrasound-guided right breast biopsy in 2018, (*id.* at 790), but the February 2009

sonogram is not part of the record and the record does not suggest she was diagnosed with or treated for anything based on the sonogram.  There are no records to suggest Plaintiff sought continual treatment for any of the above-listed ailments.  Thus, even if the ALJ erred by omitting any reference to the February 2009 records, any error would be harmless because it does not appear that Plaintiff sought additional treatment.  *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) and concluding that an error is harmless if a correct application of the regulations would not contradict the ALJ's ultimate findings).

Moreover, because the medical evidence of record is so far removed from the relevant time period, the Court finds that the ALJ did not err in discrediting it.  As the ALJ noted, prior to February 2009, there are records from March 2000 through September 2002.  (*Id.* at 470-97).  After July 2009, the earliest records begin May 10, 2018.  (Tr. at 499-506).  Thus, it appears that for the six years before the disability onset date and nine years after the date last insured, Plaintiff sought no medical treatment for any disease.  Accordingly, the Court is hard-pressed to find that the medical records are relevant to a disability during the relevant time period.  The Court finds, therefore, that the ALJ did not err in declining to consider the evidence. *See Douglas*, 486 F. App'x at 75.

As a final matter, at the hearing, the ALJ clarified that he would find her disabled "as of last year."  (Tr. at 169-70).  Thus, to the extent Plaintiff may take

issue with the discrepancy between the ALJ's statements on the record and the ultimate decision, the Court finds this argument lacks merit.

Accordingly, upon consideration of the parties' submissions and the administrative record, the Court finds that substantial evidence supports the ALJ's decision.

## IV.   Conclusion

In sum, the Court finds that Defendant's motion is due to be **GRANTED** and that the ALJ's decision is due to be **AFFIRMED**.  Accordingly, the Court **ORDERS** that:

1.   Defendant's Response to this Court's Order and Motion to Dismiss Allegations in Plaintiff's Complaint (Doc. 24) is **GRANTED**.

2.   The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

3.   The Clerk of Court is directed to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 16, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties